IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOROTHY BIBB and GLENNIS BIBB, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO. 2:24-cv-427-ECM-JTA ) (WO) |
| FLORIDA ROCK & TANK LINES, INC., | ) ) ) |
| Defendant. | ) ) |

# **ORDER**

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be undertaken at the earliest possible stage in the proceedings. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

On July 18, 2024, Defendant Florida Rock & Tank Lines, Inc., removed this action from the Circuit Court of Montgomery, Alabama, on the basis of diversity jurisdiction. (Doc. No. 1.) *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."). The complaint does not contain a specific dollar-amount demand for damages or specific descriptions of the nature and extent of Plaintiffs' physical and other damages. (Doc. No.

1-2 at 3-13.) Drawing inferences from the face of the complaint's allegations, Defendants allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." (Doc. No. 1 at 4.) Upon review of the complaint and notice of removal, it appears that the inferences Defendants have drawn are not patently unreasonable, but that the allegations of the complaint are too vague to adequately analyze the reasonableness of those inferences. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." (citation and internal quotation marks omitted)). Accordingly, it is

ORDERED that **on or before September 13, 2024**, the parties shall meet[1] and confer and shall file a **joint** statement specifying, in writing, the following:

1. Plaintiffs' position on whether the damages they seek in this action exceed $75,000.00 and whether diversity jurisdiction exists.

2. Defendant's position on whether the damages sought in this action exceed $75,000.00 and whether diversity jurisdiction exists.

3. The parties' respective positions on whether jurisdictional discovery is needed and, if so the scope and nature of such discovery.

---

[1] The meeting shall be conducted by telephone, videoconference, or an in-person meeting, not by written exchanges such as emails.

In their joint filing, the parties shall clearly delineate the matters upon which they agree and the matters upon which they disagree.

DONE this 6th day of September, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE